IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PRIME STAR-H FUND I TRUST,
INC.,

                           Plaintiff,

    v.                                                          1:16-cv-3601-WSD

MICHAEL E. WILKERSON, and all
others in possession,

                           Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final

Report and Recommendation [3] ("R&R"), which recommends remanding this

dispossessory action to the Magistrate Court of Fulton County, Georgia.

## I.    BACKGROUND

On September 8, 2016, Plaintiff Prime Star-H Fund I Trust, Inc. ("Plaintiff")

initiated a dispossessory proceeding against its tenant, Defendant Michael E.

Wilkerson ("Defendant") in the Magistrate Court of Fulton County, Georgia.[1]  The

Complaint asserts that Defendant is a tenant at sufferance following a foreclosure

sale and seeks possession of premises currently occupied by Defendant.

---

[1]    No. 16ED007727.

On September 26, 2016, Defendant, proceeding *pro se*, removed the Fulton County Action to this Court by filing his Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant asserts that there is federal subject matter jurisdiction because there is in the case a question of federal law.  In his Notice of Removal, Defendant claims that the dispossessory "proceedings [are] occurring in violation of 12 USC 2605(A) [sic] and the Fourteenth Amendment of the U.S. Constitution."  (Notice of Removal at 1).[2]

On September 29, 2016, Magistrate Judge Fuller granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  He found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Fulton County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  The Magistrate Judge did not consider whether subject matter jurisdiction could be

---

[2]     12 U.S.C. § 2605(a) provides: "Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding."

based on diversity of citizenship because Defendant, in his Notice of Removal, appears to base subject matter jurisdiction only on federal question.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B. Analysis

Defendant does not object to the R&R's finding that Plaintiff's Complaint does not present a federal question.  The Court does not find any plain error in this conclusion.  It is well-settled that federal question jurisdiction exists only when a

federal question is presented on the face of a plaintiff's well-pleaded complaint and that assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holms Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

Although not alleged in his Notice of Removal, the Court concludes that diversity jurisdiction is not present in this action because Defendant fails to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a).  Even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action.  The Court must look only to Plaintiff's claims to determine if the amount-in-controversy requirement is satisfied.  See Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of property Defendant currently possesses.  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.  See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding

under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 25th day of October, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE